## MARTIN COUNTY BANK v. WILLIAM BIRD.[1]

October 23, 1903.

Nos. 13,632—(105).

**Replevin—Alternative Judgment.**

Alternative judgment entered in a replevin action pursuant to G. S. 1894, § 5420, for the value of property in case possession is not obtained, is a money judgment; and the clerk of court is authorized, when entering such judgment, to add interest to the amount from 'the date of the order for judgment, although no specific mention is made in such order for interest.

Appeal by plaintiff from an order of the district court for Martin county, Quinn, J., denying a motion to modify a judgment theretofore entered in the action.    Affirmed.

*H. H. Dunn* and *Allen & Ward,* for appellant.

*Andrew C. Dunn,* for respondent.

LEWIS, J.

Replevin action, commenced in the district court, to recover possession of certain personal property.    In its decision, of date March 31, 1899, the court ordered judgment in favor of defendant for possession of a part of the property.    The order was in the usual form, and to the effect that defendant was entitled to possession of the property, and entitled to judgment against plaintiff to recover such possession, and that he have a return of the property, and that, in case such return could not be had, the defendant recover judgment against plaintiff for the value of the property, which was found to be $352.04.   On April 27, 1903, on motion of the attorney for defendant, judgment was entered pursuant to the order for judgment.    The clerk of court, however, in computing the amount of the judgment in case the property should not be returned, added interest, making a total money judgment of $440.33.    Immediately after such judgment was entered, plaintiff moved for an order modifying the judgment by striking out the interest.    The case comes to this court on appeal from an order overruling the motion.

[1] Reported in 96 N. W. 915.

The proceedings in the lower court were conducted in accordance with the provisions of G. S. 1894, § 5420. Plaintiff was in possession of that portion of the property found by the court to belong to defendant. The statute provides that the party entitled to the property shall have it restored to him, but if it is in possession of the opposing litigant, and for any reason cannot be restored, then judgment may be entered for the amount of its value, and for damages for the retention thereof. This judgment for the value is a money judgment, to all intents and purposes, but becomes such only at the option of the party in actual possession of the property. He may avoid such judgment by a return of the property in accordance with the judgment, or, if he has placed himself in a position where he cannot return the property, or elects to retain it, then the money judgment becomes operative to the same effect as any other money judgment. This being true, G. S. 1894, § 5504, is applicable, and the clerk was authorized to add interest to the amount determined by the court from the date of the order. It was not necessary for the order for judgment to specify that such interest should be computed.

Order affirmed.